IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SELEEM SALEM, | ) | CASE NO. 1:12 CV 2345 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

**A.   Nature of the case and proceedings**

This is an action by Seleem Salem under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits ("DIB").[1]

The parties have consented to my jurisdiction.[2] The Commissioner has answered[3] and filed the transcript of the administrative record.[4] Under the requirements of my initial[5] and

---

[1] ECF # 1.

[2] ECF # 32.

[3] ECF # 12.

[4] ECF # 13.

[5] ECF # 7.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental charts[8] and the fact sheet.[9] Salem has filed a reply brief.[10] They have participated in a telephonic oral argument.[11]

**B.    The Commissioner's decision**

The Administrative Law Judge ("ALJ") found that Salem had severe impairments consisting of polysubstance abuse in remission, hepatitis C, depression NOS, and status post head trauma.[12] The ALJ made the following finding regarding Salem's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) lifting and carrying 20 pounds occasionally and 10 pounds frequently; sitting, standing, and walking about 6 hours in an 8 hour work day; never climbing ladders, ropes, or scaffolds; occasionally climbing ramps and stairs; frequently balancing, kneeling, stooping, crouching, and crawling; can understand, remember, and carryout [sic] short and simple instructions; can maintain attention and concentration for extended periods on simple tasks; with superficial contact

---

[6] ECF # 14.

[7] ECF # 28 (Commissioner's brief); ECF # 21 (Salem's brief).

[8] ECF # 28-1 (Commissioner's charts); ECF # 21-1 (Salem's charts).

[9] ECF # 15 (Salem's fact sheet).

[10] ECF # 29.

[11] ECF # 30.

[12] ECF # 13, Transcript of Proceedings ("Tr.") at 97.

with the general public; and occasional contact with coworkers and supervisors.[13]

Given that residual functional capacity, the ALJ found Salem incapable of performing his past relevant work as a retail manager.[14]

Based on an answer to a hypothetical question posed to the vocational expert at the hearing setting forth the residual functional capacity finding quoted above, the ALJ determined that a significant number of jobs existed locally and nationally that Salem could perform.[15] The ALJ, therefore, found Salem not under a disability.[16]

The Appeals Council denied Salem's request for review of the ALJ's decision.[17] With this denial, the ALJ's decision became the final decision of the Commissioner.[18]

**C.    Issue presented**

Salem asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Salem presents two issues for judicial review:

---

[13] *Id.* at 98-99.

[14] *Id.* at 101.

[15] *Id.* at 102.

[16] *Id.*

[17] *Id.* at 1-6.

[18] *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 648 (6th Cir. 2011); 20 C.F.R. § 404.981.

- Did the mental limitations included in the RFC finding adequately compensate for Salem's moderate difficulties with concentration, persistence, or pace?

- Does substantial evidence support the ALJ's finding that Salem's statements concerning the intensity, persistence, and limiting effect of his impairments are not credible to the extent inconsistent with the RFC finding?

**D.     Disposition**

For the reasons that follow, I conclude that the ALJ's no-disability finding has the support of substantial evidence. The denial of Salem's application will be affirmed.

## Analysis

**A.     Applicable law**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' "
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different

conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[19]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[20] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[21]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

2.   *Limitations necessitated by a finding of moderate difficulties with concentration, persistence or pace*

Where an ALJ determines that the claimant has moderate difficulties in concentration, persistence, or pace, the ALJ must then account for them in the RFC finding.[22] The Sixth Circuit's decision in *Ealy v. Commissioner of Social Security*[23] provides the foundation for this requirement.

---

[19] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[20] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[21] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[22] *Williams v. Comm'r of Soc. Sec.*, No. 1:12CV358, 2013 WL 2319276, at *4 (N.D. Ohio May 28, 2013).

[23] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504 (6th Cir. 2010).

In *Ealy* the ALJ credited the opinion of the state agency reviewing psychologist that the claimant retained the ability to "sustain attention to complete simple repetitive tasks for two-hour segments over an eight-hour day where speed was not critical."[24] The hypothetical to the vocational expert incorporated no reference to the two-hour limitation or to speed not being critical.[25] Rather it merely contained a limitation to simple repetitive tasks,[26] as did the residual functional capacity finding.[27] Based on the vocational expert's response to the hypothetical, the ALJ found that a significant number of jobs existed and Ealy not disabled.[28] The district court affirmed the agency's decision.[29]

On appeal the Sixth Circuit approved the ALJ's crediting of the state agency reviewing psychologist's opinion and the limitations therein.[30] It took issue, however, with the ALJ's failure to incorporate into the hypothetical to the expert the two-hour limitation to sustain attention to complete simple repetitive tasks and the proviso that speed not be critical.[31]

---

[24] *Id.* at 509.

[25] *Id.* at 510.

[26] *Id.*

[27] *Id.* at 511.

[28] *Id.*

[29] *Id.* at 511-12.

[30] *Id.* at 514-15.

[31] *Id.* at 516.

The court noted that the reviewing psychologist had opined moderate limitations in Ealy's abilities to maintain attention and concentration for extended periods, to complete a normal workday and workweek[32] without interruptions from psychologically based symptoms, and to perform at a consistent pace without an unreasonable number and length of rest periods.[33] The ALJ concluded that Ealy had moderate difficulties with regard to concentration, persistence, and pace.[34] In finding the hypothetical to the expert deficient, the court cited approvingly cases stating the proposition that hypothetical limitations to "simple, routine, unskilled work" do not sufficiently address moderate deficiencies in concentration, persistence, and pace.[35]

In several cases post-*Ealy*, this Court seemingly adopted the rule that where the ALJ finds the claimant moderately deficient in concentration, persistence, and pace, a limitation to simple repetitive tasks in the hypothetical to the vocational expert does not adequately address those deficiencies.[36]

---

[32] *Id.* at 516 n.4.

[33] *Id.*

[34] *Id.*

[35] *Id.* at 516-17, citing *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930-31 (E.D. Mich. 2005), and *Whack v. Astrue*, No. 06-4917, 2008 WL 509210, at *8 (E.D. Pa. 2008).

[36] *Candela v. Astrue*, No. 1:10CV1603, 2011 WL 3205726, at *10-11 (N.D. Ohio July 28, 2011); *Johnson v. Astrue*, No. 1:09CV2959, 2010 WL 5559542, at *8 (N.D. Ohio Dec. 3, 2010).

But several other post-*Ealy* decisions of this Court decline to adopt a bright line rule that a limitation to "simple repetitive tasks" in an RFC and hypothetical to the VE is not adequate to address a claimant's moderate difficulties with concentration, persistence, and pace.[37] The Court in *Jackson* stated that moderate difficulties in concentration, persistence, and pace must be coupled with a finding of additional "speed- and pace-based restrictions" to make simple repetitive tasks an inadequate limitation in the RFC and hypothetical to the expert.[38]

The law in this District on the proper application of *Ealy* remains in the development stage. This Court in *Makan v. Covlin*[39] cautioned that on certain facts even a limitation to simple, routine, and repetitive tasks coupled with limitation to a low stress work environment would not be sufficient where stress did not cause the claimant's difficulties with concentration, persistence, or pace.[40] The limitations adopted, therefore, must address the underlying source of the claimant's impairment.

In an effort to establish some consistency for the determination of limitations appropriate to a finding of moderate difficulties with concentration, persistence, or pace, I

---

[37] *Steed v. Astrue*, No. 4:11CV204, 2012 WL 1097003, at *9 (N.D. Ohio Mar. 30, 2012); *Jackson v. Comm'r of Soc Sec.*, No. 1:10CV763, 2011 WL 4943966, at *4 (N.D. Ohio Oct. 18, 2011). *But see*, *Janda v. Comm'r of Soc. Sec.*, No. 1:12CV1250, 2013 WL 3200611, at *5 (N.D. Ohio June 24, 2013).

[38] *Jackson*, 2011 WL 4943966, at *4.

[39] *Makan v. Covlin*, No. 5:12 CV 31, 2013 WL 990824 (N.D. Ohio Mar. 7, 2013).

[40] *Id.* at *2 n.1.

will apply the following guidelines. Consistent with *Ealy*, when an ALJ makes a finding of moderate difficulties with concentration, persistence, or pace, the RFC must contain some limitations to compensate for those difficulties.[41] As held in *Jackson*, where the ALJ makes of no findings supporting specific durational or pace-based limitations, the RFC need contain no more than a limitation to simple, repetitive, unskilled work.[42] But if the ALJ makes additional findings as to duration or pace limitations,[43] or the source reports relied on the by ALJ support such findings,[44] the RFC must incorporate such additional limitations.

As cautioned in *Makan*, the limitations in the RFC must relate to the cause of the difficulties.[45] By way of example, if an inability to cope with stress has caused the difficulties, the limitations should be pace-based, such as low stress and no production quotas. If fatigue or the side effects of medication cause the difficulties, the limitations should be durational. It is possible that the evidence and findings may justify both pace-based and durational limitations.

---

[41] *Ealy*, 594 F.3d at 516-17.

[42] *Jackson*, 2011 WL 4943966, at *4.

[43] *Id.*

[44] *Ealy*, 594 F.3d at 516 n.4. *See*, *Vlach v. Comm'r of Soc. Sec.*, No. 1:12CV2452, 2013 WL 3766585, at *12 (N.D. Ohio July 16, 2013) (opinions of medical sources did not support additional limitations); *Scholle v. Comm'r of Soc. Sec.*, No. 3:12CV841, 2013 WL 3717758, at *18 (N.D. Ohio July 12, 2013) (same); *Smith v. Colvin*, No. 1:12CV2668, 2013 WL 3421886, at *14 (N.D. Ohio July 8, 2013) (no medical evidence supported additional limitations).

[45] *Makan*, 2013 WL 990824, at *2 n.1.

*3.     Credibility*

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[46] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[47]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work ... solely because the available objective medical evidence does not substantiate your statements.[48]

---

[46] Social Security Ruling (SSR) 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996).

[47] *Id.* at 34484.

[48] 20 C.F.R. § 416.929(c)(2).

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's residual functional capacity and the work-related limitations dictated thereby.[49]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence."[50] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[51]

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence. When a claimant presents credible

---

[49] *Swain*, 297 F. Supp. 2d at 988-89.

[50] 20 C.F.R. § 404.1529(c)(3).

[51] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad. The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess his subjective complaints.[52] A court may not disturb the ALJ's credibility determination absent compelling reason.[53]

**C.     Substantial evidence review of the Commissioner's decision**

*1.     The Ealy challenge*

As part of the step three analysis in his decision, the ALJ found that Salem had moderate difficulties with concentration, persistence, or pace.[54] He makes no citation to the transcript in support of that finding. At step four the ALJ limited Salem to understanding, remembering, and carrying out short and simple instructions; maintaining attention and concentration for extended periods on simple tasks; superficial contact with the general public; and occasional contact with coworkers and supervisors.[55] These limitations, Salem argues, do not adequately address his moderate limitations with concentration, persistence, or pace under *Ealy* and its progeny.

---

[52] *Buxton*, 246 F.3d at 773.

[53] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

[54] Tr. at 98.

[55] *Id.* at 98-99.

-12-

My review of the medical evidence in the transcript causes me to conclude that the finding of a moderate limitation in concentration, persistence, or pace does not have the support of substantial evidence in this record. Deborah A. Koricke, Ph.D., a consulting, examining psychologist, observed that Salem had "adequate attention and concentration."[56] She opined that Salem's "mental ability to maintain attention, concentration, persistence and pace to perform simple repetitive tasks was not impaired."[57]

David Dietz, Ph.D., the state agency reviewing psychologist, gave Dr. Koricke's opinion weight[58] and opined that Salem had only mild difficulties maintaining concentration, persistence, or pace.[59]

The ALJ did not discuss the opinions of either Dr. Koricke or Dr. Dietz in his decision.

Robert Border, Ph.D., testified at the hearing as a medical expert. He gave a conclusory opinion that Salem's concentration, persistence, and pace were moderately impaired.[60] He gave no explanation for that opinion.[61] Further, he offered no basis for any specific limitations addressed to this impairment or difficulty.

---

[56] *Id.* at 408.

[57] *Id.* at 409.

[58] *Id.* at 424.

[59] *Id.* at 422.

[60] *Id.* at 132.

[61] *Id.*

-13-

The ALJ assigned no weight to any of these medical source opinions.[62]

Even assuming arguendo that the conclusory, unsupported opinion of Dr. Border can provide substantial evidence of a moderate difficulty contrary to the opinions of Drs. Koricke and Dietz that the difficulty was no more than mild, opinions based on objective medical evidence in the record, nothing supports the imposition of additional limitations beyond those incorporated in the RFC. Although the ALJ may have entered an erroneous finding somewhat generous to Salem, this does not warrant a remand.

## 2.  *Credibility*

As to credibility the objective medical evidence supports the limitations in the RFC as discussed above. The ALJ did go beyond this evidence to discuss Salem's daily activities, treatments received for various impairments, and the outcomes of those treatments.[63] As is often the case, the ALJ could have provided more detailed articulation about credibility in a unified statement.[64] Nevertheless, the ALJ's finding is entitled to deference,[65] and I find no compelling reason to disturb the ALJ's determination here.[66]

---

[62] *Id.* at 100-101.

[63] *Id.* at 99-100.

[64] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005).

[65] *Buxton*, 246 F.3d at 773.

[66] *Smith*, 307 F.3d at 379.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Salem had no disability. Accordingly, the decision of the Commissioner denying Salem disability insurance benefits is affirmed.

IT IS SO ORDERED.


Dated: March 27, 2014                                s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge